**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiffs William Scott Findley, Jr. and Vernanne Cohen

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM SCOTT FINDLEY, JR. and VERNANNE COHEN, | Case No.: |
|---|---|
| Plaintiffs, | COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. UNLAWFUL SEIZURE OF PERSON (U.S. CONST. AMEND. 4) |
| COUNTY OF ORANGE; LAURIE BETH SCHWARTZ; MARIO ALVERGUE and DOES 1 through 10, inclusive, | 2. UNLAWFUL ENTRY INTO and SEARCH OF PRIVATE RESIDENCE (U.S. CONST. AMEND. 4) |
| Defendants. | 3. MUNICIPAL LIABILITY (*Monell* Liability) FOR FAILURE TO TRAIN AND/OR DISCIPLINE DEPUTIES and OFFICERS (U.S. CONST. AMENDS. 1, 4 & 14) |
| | 4. MUNICIPAL LIABILITY (*Monell* Liability) FOR CUSTOM / PRACTICE / |

COMPLAINT FOR DAMAGES

1

POLICY (U.S. CONST. AMENDS. 1, 4 & 14)

5. FALSE ARREST / FALSE IMPRINSONMENT (UNDER CALIFORNIA STATE LAW)

6. VIOLATION OF CAL. CIVIL CODE § 52.1 (BANE ACT; UNDER CALIFORNIA STATE LAW)

7. NEGLIGENCE (UNDER CALIFORNIA STATE LAW)

8. BATTERY (UNDER CALIFORNIA STATE LAW)

9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (UNDER CALIFORNIA LAW)

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiffs William Scott Findley, Jr. and Vernanne Cohen and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

COMPLAINT FOR DAMAGES

2

2.     As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiffs' federal question claims, this court has jurisdiction over the plaintiffs' California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*. All state law claims are brought against Defendant County of Orange via vicarious liability only.

4.     Plaintiffs have timely filed their California State Law Government Claims for Damages against the County of Orange, and said claims were denied less than six months prior to the filing of this action.

## **GENERAL ALLEGATIONS**

5.     Plaintiff William Scott Findley, Jr., hereinafter referred to as "FINDLEY" or "Plaintiff FINDLEY", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

6.     Plaintiff Vernanne Cohen, hereinafter referred to as "COHEN" or "Plaintiff COHEN", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

7.     Defendant County of Orange, hereinafter also referred to as

COMPLAINT FOR DAMAGES

3

"COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

8.    Defendant Laurie Beth Schwartz, hereinafter also referred to as "SCHWARTZ", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of her employment with defendant COUNTY.

9.    Defendant Mario Alvergue, hereinafter also referred to as "ALVERGUE", is, and at all times complained of herein, was, a peace officer and Deputy Sheriff employed by the Orange County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant COUNTY.

10.    Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Orange County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in

COMPLAINT FOR DAMAGES

4

this action, whose identities are, and remain unknown to plaintiff, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiffs.

11. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Orange County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

12. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Orange County Sheriff's Department and/or defendant County of Orange, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or

COMPLAINT FOR DAMAGES

5

contributing to the creation of the policies and/or practices and/or customs and/or usages of the Orange County Sheriff's Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) unlawful entry into and unlawful searches of residences; 3) fabricating evidence to procure the bogus criminal prosecutions of and the false convictions of innocents; and 4) covering up tortious conduct by Orange County Sheriff's Department peace officers.

13.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Orange County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

14.    At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

COMPLAINT FOR DAMAGES

6

officers, with the Orange County Sheriff's Department and/or otherwise with defendant COUNTY[1].

15.    Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

16.    In addition to the above and foregoing, defendants SCHWARTZ, ALVERGUE and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs of their federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

17.    Defendants SCHWARTZ, ALVERGUE and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

18.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

7

of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By FINDLEY and COHEN, Against Defendants SCHWARTZ, ALVERGUE and DOES 1 through 6, inclusive)**

19.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.     Plaintiff FINDLEY is a 60 year old man and plaintiff COHEN is a 62 year old woman.

21.     On November 24, 2018, plaintiffs FINDLEY and COHEN were staying / residing at 1301 Cumberland Cross, Santa Ana, CA 92705 as invited overnight guests. Plaintiffs were staying at the home with the permission of the owners in that single family home.

22.     Apparently, at approximately 5:30 a.m., one of the neighbors on Cumberland Cross called the Orange County Sheriff's Department to report that a suspicious vehicle was parked at 1301 Cumberland Cross, Santa Ana, CA 92705.

23.     Defendants SCHWARTZ, ALVERGUE and DOES 1 through 6, inclusive, responded to the call.

24.     Defendants SCHWARTZ, ALVERGUE and DOES 1 through 6, inclusive, then arrived at and entered 1301 Cumberland Cross, Santa Ana, CA

COMPLAINT FOR DAMAGES

8

92705 without a warrant, consent or an emergency, and without any other legal justification to have entered the home.

25.    At approximately 5:55 a.m., plaintiffs FINDLEY and COHEN were in bed[2] when they heard noises from inside of the home. FINDLEY got out of bed to investigate the source of the noise, and when he did so he was nude.

26.    FINDLEY looked around a corner of the house and saw an individual with a flashlight. The individual (defendant ALVERGUE) then identified himself as an Orange County Sheriff's Department deputy sheriff.

27.    ALVERGUE ordered FINDLEY at gunpoint to walk towards him, and FINDLEY complied.

28.    ALVERGUE then handcuffed FINDLEY and took him outside of the home. FINDLEY was still nude, and now standing outside of the house with his hands handcuffed behind his back.

29.    ALVERGUE then asked FINDLEY if anyone else was inside of the home, and FINDLEY informed ALVERGUE that COHEN was still inside.

30.    Defendant SCHWARTZ and DOES 1 through 6, inclusive, went back into the residence and accosted COHEN at gunpoint and handcuffed COHEN, who was also nude and in bed.

---

[2] That is, in the same bed.

COMPLAINT FOR DAMAGES

31. COHEN was also nude and taken outside of the residence still nude and handcuffed with her hands behind her.

32. COHEN and FINDLEY were standing naked and in handcuffs as neighbors were driving by the residence.

33. COHEN and FINDLEY were trying to explain to ALVERGUE and SCHWARTZ that COHEN's brother lives across the street and is the caretaker for the owners of the home, who were then presently convalescing.

34. COHEN and FINDLEY explained that they had express permission from the owner of the residence to stay at the home as a temporary residence[3], that COHEN's brother lived across the street from the residence, and that COHEN's brother was looking after the home for the owner of the same, as he was infirm and convalescing.

35. ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, then took COHEN and FINDLEY to the back seat of a Sheriff's Department patrol car and placed them inside of the same, where they sat handcuffed and without clothing for a substantial amount of time.

36. As complained of herein above, none of the defendants to this action had a warrant for plaintiffs' arrest, nor probable cause to believe that plaintiffs had

---

[3] A few days.

COMPLAINT FOR DAMAGES

10

committed a crime, nor reasonable suspicion of criminality afoot by the plaintiffs, or any suspicion that the plaintiffs were a danger to anyone or anything.

37.    Accordingly, the seizure of plaintiffs by defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, by threatened use of force, and while naked and on display outside of the residence, constituted an unlawful and unreasonable seizure of plaintiffs, in violation of their rights under the Fourth Amendment to the United States Constitution.

38.    As a direct and proximate result of the actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.

39.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $2,000,000.00 for each plaintiff.

**SECOND CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth Amendment Rights**
**Unreasonable / Unlawful Entry Into and Search and**
**Seizure of Private Residence**

COMPLAINT FOR DAMAGES

11

**(By FINDLEY and COHEN Against Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive)**

40.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41.     As shown above, defendants ALVERGUE, SCHWARTZ and DOES 1 to 6, inclusive, entered the plaintiffs' temporary residence without a warrant, consent or an emergency.

42.     Also as shown above, defendants ALVERGUE, SCHWARTZ and DOES 1 to 6, inclusive, searched the plaintiffs' temporary residence without a warrant, consent or an emergency.

43.     The actions of defendants ALVERGUE, SCHWARTZ and DOES 1 to 6, inclusive, complained of in this action in entering, searching and seizing plaintiffs' temporary residence, constituted an unlawful and unreasonable entry into and seizure of the residence in the absence of a warrant, consent, or an emergency, in violation of the plaintiffs' rights to be free from such entry, search and seizure of plaintiffs' residence / property under the Fourth Amendment to the United States Constitution.

44.     As a direct and proximate result of the actions of Defendants ALVERGUE, SCHWARTZ and DOES 1 to 6, inclusive, plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4)

COMPLAINT FOR DAMAGES

suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00 for each plaintiff.

45.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00 for each defendant, save CITY.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(By FINDLEY and COHEN, Against Defendants COUNTY)**

46.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.     As complained of herein above, the acts of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, deprived plaintiffs of their rights under the laws of the United States and The United States Constitution.

48.     The training policies of COUNTY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiffs, including training on: 1) when deputy sheriffs are lawfully permitted to enter and search a residence; 2) when deputy sheriffs are lawfully permitted to take residents of private

COMPLAINT FOR DAMAGES

residences out of their private homes; 3) that taking persons out of their home naked and handcuffed is unreasonable and unlawful; and 4) that seizing private residences in the absence of a warrants is unlawful.

49. COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

50. The failure of COUNTY to provide adequate training caused the deprivation of plaintiffs' rights by defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive.

51. COUNTY's failure to train is closely related to the deprivation of plaintiffs' rights as to be the moving force that ultimately caused plaintiffs' injuries.

52. As a direct and proximate result of the actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00 for each plaintiff.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(By FINDLEY and COHEN, Against Defendant COUNTY)**

COMPLAINT FOR DAMAGES

14

53.     Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54.     As shown above, the actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, deprived the plaintiffs of their particular rights under the United States Constitution, as described above.

55.     At all times complained of herein, defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Orange County Sheriff's Department / defendant COUNTY:  1) unlawfully entering and searching private residences, including performing unlawful "protective sweeps" of private residences; 2) for seizing civilians in unnecessarily degrading and humiliating manner, such as by taking them out of private residences and keeping them outside, naked; 3)  for covering-up unlawful and tortious conduct by Orange County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiffs in this action.

56.      Said actions of said defendants were done by them under the color of state law.

57.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY, above-described, said defendants committed said actions complained of above.

58.     As a direct and proximate result of the actions of defendants COUNTY, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00 for each plaintiff.

**<u>FIFTH CAUSE OF ACTION</u>**
**False Arrest / False Imprisonment**
**Under California State Law**
**(By FINDLEY and COHEN, Against All Defendants)**

59. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5,8 inclusive, above, as if set forth in full herein.

60. Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, did not have probable cause to believe that plaintiffs had committed a crime.

61. Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, restrained, humiliated and deprived plaintiffs of their liberty.

COMPLAINT FOR DAMAGES

62. Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, intentionally deprived plaintiffs of their freedom of movement by use of physical force and violence.

63. Plaintiffs did not consent to said deprivation of their freedom of movement by defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, or to the use of force and violence upon them.

64. Plaintiffs suffered harm because of said deprivation of their freedom of movement by defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive.

65. The actions committed by defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of Plaintiffs under California state law.

66. Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, are liable to plaintiffs for said false arrest / false imprisonment, pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.2, 820.4, 820.8, and otherwise pursuant to the common-law.

67. The actions committed by defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, proximately caused plaintiffs to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other

costs and expenses, in an amount to be proven at trial which is in excess of $2,000,000.00.

68. The actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against JACKSON, GONZALES and DOES 1 through 6, inclusive, in an amount to be proven at trial which is in excess of $2,000,000.00 for each plaintiff.

**SIXTH CAUSE OF ACTION**
**Violation of Cal. Civil Code § 52.1 (Bane Act)**
**Under California State Law**
**(Against All Defendants)**

69. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70. The actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiffs of the rights secured to them by the Constitution and laws of the United States, and of the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

71. Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, are liable to plaintiffs for said violations of their constitutional rights,

COMPLAINT FOR DAMAGES

18

pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.4, 820.8.

72. As a direct and proximate result of the actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $2,000,000.00.

73. The actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against JACKSON, GONZALES and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $2,000,000.00 for each plaintiff.

74. In addition, as a result of the actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiffs are entitled attorney fees and to an award of treble compensatory damages against all defendants, and each of them.

## SEVENTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES

**Negligence
Under California State Law
(By FINDLEY and COHEN, Against all Defendants)**

75.    Plaintiffs hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 74, inclusive, above, as if set forth in full herein.

76.    The actions committed by defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein and as described above constituted a breach of defendants' duty to use due care toward Plaintiffs, by unlawfully entering the residence and unlawfully seizing plaintiffs.

77.    As a direct and proximate result of the actions committed by Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

## EIGHTH CAUSE OF ACTION
**Intentional Infliction Of Emotional Distress
Under California State Law
(Against All Defendants)**

78.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 77, inclusive, above, as if set forth in full herein.

79.    Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, knew and/or should have known that Plaintiffs were susceptible to

COMPLAINT FOR DAMAGES
20

suffering severe emotional distress from the actions taken and committed against Plaintiffs as complained of herein.

80.    The actions committed by Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, during the incident as complained of herein, were malicious, oppressive, and/or in reckless disregard for Plaintiffs' constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

81.    The actions of Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, committed against Plaintiffs, directly and proximately caused Plaintiffs to suffer severe emotional distress.

82.    Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, are liable to Plaintiffs for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.

83.    As a direct and proximate result of the actions of defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

84. The actions committed by Defendants ALVERGUE, SCHWARTZ and DOES 1 through 6, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00 for each plaintiff;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $2,000,000.00 for each plaintiff;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____/S/_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES